In re Philip A. PAIGE, SS # 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, Debtor.

Philip A. PAIGE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 95-01706 TUC JMM.
Adv. No. A95-0137.

United States Bankruptcy Court,
D. Arizona.

March 13, 1996.

Sean K. McElenney, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendant.

Michael McGrath, Michelle Hood, Mesch, Clark & Rothschild, P.C., Tucson, AZ, for Plaintiff.

## ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JAMES M. MARLAR, Bankruptcy Judge.

A hearing on plaintiff's Motion for Summary Judgment came on regularly for hearing on March 11, 1996. Plaintiff was represented by Michael McGrath and Michelle Hood; Defendant was represented by Sean K. McElenney. During the course of the hearing, the parties acknowledged that the case could be submitted on the written record. Therefore, after a review of the pleadings, the affidavits, the exhibits, the deposition, and applicable statutory and case authority, the Court rules as follows.

### DISCUSSION

The debtor filed his Chapter 7 proceeding on July 18, 1995. On October 7, 1995, the debtor filed an adversary proceeding seeking to discharge his federal income liability for tax years 1980-1991. The United States of America responded, through its agency the Internal Revenue Service, and motions and supporting papers were filed by each party. After an earlier hearing, in which the United States' "Cross-Motion" for Summary Judgment was deemed as untimely, this matter proceeded to a hearing on the plaintiff's Motion for Summary Judgment, on March 11, 1996. However, the Court has read and considered the entirety of the United States' pleadings and other documentary evidence.

The United States responded in opposition to the plaintiff's motion, arguing only that the debtor willfully attempted to evade or defeat his tax obligations. In support of this position, the United States attached the debtor's deposition, and quoted portions thereof in its brief.

The United States did not raise any issue of fact or law, however, with regard to the timing aspects of the tax returns in controversy, and has therefore conceded those is-

sues. Thus, because defendant does not dispute that plaintiff filed his petition for bankruptcy more than three years after the taxes were due, more than two years after he filed his tax returns for the years in question, more than 240 days after taxes for these years were assessed, and no taxes from these years were assessable after bankruptcy was filed, plaintiff's Motion for Summary Judgment will be granted on these "timing" points.

The only issue remaining, then, upon which the parties concede that all relevant evidence is before the Court on the record, is whether, pursuant to the legal standards applicable to 11 *U.S.C.* § 523(a)(1)(C), the defendant's failure to timely pay his taxes in the disputed years was due, paraphrasing the statute, to a "wilful attempt in any manner to evade or defeat such taxes."

On this issue there is only one witness, Philip A. Paige, the debtor. Therefore, his testimony appearing in affidavit and deposition form, it is now appropriate to consider those facts in connection with the legal issue.

The Court has reviewed the legal authorities cited by the parties. Upon a review of the record, it is clear that Mr. Paige, who suffered from chronic alcoholism, was not indifferent to his responsibilities to file returns and pay taxes. Instead, his disease debilitated him for almost a decade, until he was finally able to voluntarily, without coercion or duress, obtain assistance and file his delinquent returns. In that regard, he contacted the Internal Revenue Service and prepared and filed his returns. He paid what he could afford. Although he did not eventually devote every available dollar to the IRS obligation, the Court does not consider this to be a "wilful" effort to evade or defeat his tax obligations. He had to survive, and did so; otherwise, he might have become a ward of the state, existing on welfare. The standard of wilful behavior which rises to the level of a non-dischargeable obligation is not present here. The Internal Revenue Service was unable to produce sufficient evidence to show wilful concealment of assets, deliberate and fraudulent manipulation, the shielding of income, or other schemes to frustrate tax collection efforts. *See e.g., In re Lewis,* 151

B.R. 140 (Bankr.W.D.Tenn.1992) (Rock and Roll performer, Jerry Lee Lewis); *In re Boch,* 154 B.R. 647 (Bankr.M.D.Pa.1993). In addition, there is no evidence that the debtor refused to pay only because he disagreed with the amount owed, as was a factor in the *Lewis* case. Also, unlike the *Lewis* case, there had been no ongoing efforts by the IRS to collect these taxes, while the debtor scrambled to hide assets or deal solely in cash. Moreover, there is no evidence of document falsification, mistitling of assets, or removal of records prior to an IRS search, or the entry of criminal restitution conditions, as was the case in *In re Boch,* supra.

In essence, the Court is convinced that the plaintiff's conduct here did not contain sufficient aggravating circumstances to raise the late filing of returns, and only small partial payments on the tax liability, to the level of wilfulness which would make the debt non-dischargeable.

### RULING

IT IS ORDERED granting summary judgment, in favor of the plaintiff, on the "timing" issues of §§ 523(a)(1) and 507(a)(8)(A);

IT IS FURTHER ORDERED granting summary judgment to plaintiff, on the factual and legal issues relative to the defendant's contention that plaintiff's failure to timely pay taxes for the years 1980–1991 were a "wilful attempt in any manner to evade or defeat such taxes." The Court finds they were not sufficiently and legally wilful to constitute an intention to evade or defeat his income taxes.

IT IS FURTHER ORDERED vacating the trial date of Tuesday, May 14, 1996.

IT IS FURTHER ORDERED that counsel for the plaintiff shall submit a form of order, serving a copy upon Mr. McElenney, within 20 days.